UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  Case No.  8:06-cr-398-T-24-MSS

SEKULA BILIC,

_____/

## **ORDER**

This cause came before the Court at a hearing held on May 16, 2007 on Defendant Sekula Bilic's Motion to Dismiss Count I of the Indictment – Literally True Answer (Doc. No. 34), Motion to Dismiss Count I of the Indictment for Failure to State an Offense (Doc. No. 37), Motion to Dismiss Count I of the Indictment – Fundamentally Ambiguous Question (Doc. No. 39), and Motion to Dismiss Count II of the Indictment for Defect in Pleading (Doc. No. 38.)  The United States has filed a response in opposition to these motions.  (Doc. No. 50.)

On September 20, 2006, Defendant was charged in a two-count Indictment.  Count I charges Defendant with making a false statement on his Immigration and Naturalization Form I-485 (Permanent Resident Application), in St. Petersburg, Florida on September 26, 2001, in violation of 18 U.S.C. § 1546(a).  In particular, Defendant was charged with failing to report his service in the Army of the Republika Sprska ("VRS") by stating "None" in response to the question that required him to list any foreign military service.  Count II charges under 18 U.S.C. § 1001(a)(2) that Defendant made the same false statement in a matter within the jurisdiction of the Immigration and Naturalization Service by failing to disclose his service in the VRS.

Defendant has now moved to dismiss Count I by filing three separate motions.  (Doc.

Nos. 34, 37, 39.) Generally, Defendant argues that the question requiring him to list any foreign military service on the Form I-485 was ambiguous and that he answered the question truthfully because his service in the VRS did not constitute "foreign military service" because that term means service outside the national boundaries of the nation and the VRS never operated in a foreign country. Upon reviewing these Motions, and the caselaw cited in support thereof, the Court concludes that the question in the Form I-485 was not so ambiguous that men of ordinary intellect might disagree as to its meaning, and therefore, it was not ambiguous as a matter of law. *United States v. Manpat*, 928 F.2d 1097, 1100 (11th Cir. 1991). At best, the question was arguably ambiguous, and therefore, the issue of its ambiguity is best left for a jury to determine at trial.

Defendant also moves to dismiss Count II of the indictment on the grounds that the count does not provide him with the "particularities" he needs to mount a defense and leaves him to speculate about the crime he is alleged to have committed. (Doc. No. 38.) At the hearing, Defense counsel essentially withdrew this Motion and his objection to the manner in which Count II was drafted. However, upon reviewing the face of the Indictment, the Court concludes that Count II sufficiently states the elements of the crime and notifies Defendant of the charges he must be prepared to meet. *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006). Count II states the date, the location, and the conduct that Defendant is alleged to have committed in violation of 18 U.S.C. § 1001(a)(2). Furthermore, the Indictment protects Defendant from double jeopardy because it is readily apparent from the Indictment that the criminal act that is alleged to have occurred on September 26, 2001 was the Defendant's concealment of his VRS service on his Form I-485. Finally, Defendant could have, but elected

not to, file a motion for a Bill of Particulars under Rule 7(f) of the Federal Rules of Criminal Procedure.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants' Motions to Dismiss (Doc. Nos. 34, 37, 38, 39) are **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 16th day of May, 2007.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record